Charles C.H. Wu, SBN 166756
Mark H. Cheung, SBN 150690
Vikram M. Reddy, SBN 228515
Members of WU & CHEUNG, LLP
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111
Facsimile: (949) 251-1588
Attorneys for plaintiff Hsiao & Montano, Inc.
dba Odyssey Innovative Designs

Russell L. Allyn, SBN 143531
Douglas M. Lipstone, SBN 141104
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Attorneys for Defendants Marathon Professional
Corporation and Six Star D.J., Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIAO & MONTANO, INC., a California corporation, dba ODYSSEY INNOVATIVE DESIGNS,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARATHON PROFESSIONAL CORPORATION, a California corporation; SIX STAR D.J., INC., a California corporation, dba MARATHON; and DOES 1 through 20, inclusive,<br><br>  Defendants. | CASE NO. CV10-622 SJO (JEMx)<br><br>[Assigned to Judge S. James Otero]<br><br>[Discovery Document: Referred to Magistrate Judge John E. McDermott.]<br><br>**STIPULATED PROTECTIVE ORDER** |

1

**STIPULATED PROTECTIVE ORDER**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

IT IS THEREFORE ORDERED THAT:

## DURATION

Even after the termination in this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or the Court so directs.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include highly sensitive, proprietary or trade-secret information contained or disclosed in any

2
**STIPULATED PROTECTIVE ORDER**

materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Wu & Cheung, LLP for plaintiff Hsiao & Montano, Inc. dba Odyssey Innovative Designs; and Buchalter Nemer, APC for Defendants

3
**STIPULATED PROTECTIVE ORDER**

Marathon Professional Corporation and Six Star D.J., Inc.

4. The terms "parties" or "party" means any party to this action, including its directors, officers, and control group management employees. Notwithstanding the foregoing definition, should any confidential information become inadvertently disclosed to any of the party's employees and agents other than the aforementioned, the receiving employee or agent shall abide by the terms of this Order.

## GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

A. GOOD CAUSE STATEMENT

6. "The documents to be protected shall be *specifically* described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered." Edwards v. County of Los Angeles, 2009 WL 4707996 (C.D. Cal 2009)(citing Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

7. In the current matter, good cause exists for the designation of certain information as "CONFIDENTIAL - FOR COUNSEL ONLY" when it has not been made public and falls into one of the following categories:

(a) confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the

5
**STIPULATED PROTECTIVE ORDER**

development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party;

    (b) specific financial information at a level of detail beyond that disclosed in sources available to the public;

    (c) terms of contracts with the companies' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers;

    (d) specific proprietary product formulas or proprietary manufacturing processes; and

    (e) product concepts in development that have not been launched into the market.

The parties will suffer prejudice or harm in the event all of the aforementioned categories of documents are not given protection via a protective order, including but not limited to: the release of their trade secrets and other proprietary information, release of sensitive information as to their suppliers and/or customers, damage to their business reputation, loss of business advantage over their competitors, possible loss of market share, among others.

8.    Good cause exists for the designation of information as "CONFIDENTIAL" when the information has not been revealed to the public and the information falls into one of the following categories:

(a) the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the litigation, would reveal information in categories set forth in paragraph 7(a) to (e) above;

(b) private information about any officer, employee or other individual third party;

(c) commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the entity's products or finances, the disclosure of which information would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

The parties will suffer prejudice or harm in the event all of the aforementioned categories of documents are not given protection via a protective order, including but not limited to: the release of their trade secrets and other proprietary information, release of sensitive information as to their suppliers and/or customers, damage to their business reputation, loss of business advantage over their competitors, possible loss of market share, among others.

9. The aforementioned categories of documents to be designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" are illustrative and not fully inclusive or exclusive and that designation must be based

7

**STIPULATED PROTECTIVE ORDER**

upon counsel's good faith belief that the document being tagged reasonably fits in the category so labeled." Notwithstanding, the parties shall use reasonable efforts to minimize the amount of material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

10. This Protective Order applies to such "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third-party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third-party during this Action.

B.   PROCEDURE FOR DESIGNATION

11. In the event the producing party elects to make materials available for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the

appropriate confidentiality marking.

12. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until twenty-five (25) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY;"

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, officers of the deponent, counsel (including their staff and associates), the court reporter, and any person(s) agreed upon by the parties; and

    c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished

9

**STIPULATED PROTECTIVE ORDER**

under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

C. <u>OTHER PROVISIONS</u>

13. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

14. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any information designated as CONFIDENTIAL - FOR COUNSEL ONLY shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as **Exhibit A**, in advance of providing any information designated as CONFIDENTIAL - FOR COUNSEL ONLY of the producing party to the expert. Any objection by the producing party

to an independent expert receiving information designated as CONFIDENTIAL - FOR COUNSEL ONLY must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Information designated as CONFIDENTIAL - FOR COUNSEL ONLY may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

15. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Executives who are required to participate in policy decisions with reference to this action;

    b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c. Stenographic and clerical employees associated with the individuals identified above.

16. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

17. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

18. Designations should not be made if clearly unjustified, or if made for an improper purpose. If it comes to a disclosing party's or a disclosing non-party's attention that Confidential Information does not qualify for protection as so designated, that disclosing party or non-party must promptly withdraw the designation.

19. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek

12
**STIPULATED PROTECTIVE ORDER**

permission of the Court to file said material under seal.  The parties will follow and abide by applicable law, including relevant Local Rules of Civil Practice for the United States District Court Central District of California, with respect to filing documents under seal in this Court.

20.   At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within ten (10) Court days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.  The party designating the documents shall have the burden of proving the designation is proper.

21.   All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other

13
**STIPULATED PROTECTIVE ORDER**

than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22. No party shall be responsible to another party for inadvertent disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order, or under any other applicable objection or privilege, unless circumstances exist which the disclosing party should be aware of, which ought reasonably have alerted the disclosing party as to the confidential nature of the information in question.

23. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the

designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

24. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on any grounds, including, but not limited to, material that is protected as privileged or as attorney work product.

25. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

26. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

27. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

28.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Counsel may retain one set of pleadings and discovery, including Confidential Information, for archival purposes.

29.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's

legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

30. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

31. Transmission by fax is acceptable for all notification purposes herein.

32. This Order may be modified by agreement of the parties, subject to approval by the Court.

33. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

34. Subject to public policy and further court order, nothing shall be filed under seal, and the Court shall not be required to take any further action with regard to material a party has designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY", without a separate prior court order made after application by either party.

35. This Order is made without prejudice to either party seeking a further order concerning any document or information felt to be entitled to a greater degree of protection.

IT IS SO ORDERED this 17th day of May, 2010.

                            */s/John E. McDermott*_____
                            Magistrate Judge, United States District Court

18
**STIPULATED PROTECTIVE ORDER**